O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| J.P. PARNELL, | ) | CASE NO. CV 12-1417 DMG (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER SUMMARILY DISMISSING ACTION |
| KAMALA HARRIS, | ) | |
| Respondent. | ) | |

Because Petitioner challenges *conditions of* his confinement rather than the *validity or duration of* that confinement, this action is not a proper petition for habeas corpus relief. Thus, the Court will dismiss the action summarily, albeit without prejudice to Petitioner's pursuit of relief through a civil rights action.

**I.**

**BACKGROUND**

Petitioner J.P. Parnell is a state inmate. He is dissatisfied with certain conditions of his confinement. (His first-mentioned grievances are (1) the prison's "ban on natural sugar products in favor of artificial sweeteners . . . to thwart the manufacture of jailhouse wine (pruno)," and (2) "the proscription on prisoners leaving the dining room with whole pieces of fruit[.]" Pet. at 5A.) But Petitioner does not pray for a reversal of any conviction

or seek an accelerated release from confinement, and therefore habeas is not the proper vehicle for review of Petitioners' claim(s).

## II.

## HABEAS CORPUS GENERALLY MAY CHALLENGE THE FACT OR DURATION OF CONFINEMENT, BUT NOT THE CONDITIONS THEREOF

The principal purpose of a habeas corpus writ is to provide a remedy for prisoners challenging the *fact or duration* of their confinement and who, thus, are seeking either immediate release or a sooner-than-currently-scheduled release. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) (holding that habeas petition, not civil rights action, was proper vehicle for seeking restoration of good-time credits). The Supreme Court has left open the possibility that habeas petitions "may . . . also be available to challenge . . . prison conditions," which ordinarily must be challenged by way of a civil rights action. *Id.*, 411 U.S. at 499-500; *accord, Bell v. Wolfish*, 441 U.S. 520, 526 n.6, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979) (noting the possibility of habeas as a means to address prison conditions, but declining to decide the issue). Nor has the Ninth Circuit completely foreclosed the possible use of habeas actions to challenge prison living conditions. *See Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989) (assuming without discussion that habeas could provide relief on a prisoner's claim of having been placed in disciplinary segregation without due process); *see also Fierro v. Gomez*, 77 F.3d 301, 304 n.2 (9th Cir. 1996) (indicating that the issue remains unresolved in this Circuit), *vacated on other grounds*, 519 U.S. 918, 117 S. Ct. 285, 136 L. Ed. 2d 204 (1996).

But such use of the habeas corpus action appears to be the exception. The Ninth Circuit has made clear that the preferred, "proper" practice is to limit habeas cases to claims that would lead to the petitioner's release sooner than otherwise would occur, and to confine other prisoner claims to civil rights suits. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (holding that, because the subset of prisoner-plaintiff claims that could have been brought in a habeas action had become moot, district court could and should proceed

1  with remaining claims, which challenged conditions, and not fact or duration, of
2  confinement); *accord*, *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979)
3  (affirming dismissal of habeas petition because petition's challenges to conditions of
4  confinement must be brought in civil rights action).

5  Here, if Petitioner's claims about the conditions of his confinement were to succeed,
6  he would not thereby be entitled to an accelerated release from confinement. The Court sees
7  no justification in this instance for deviating from what the Supreme Court in *Preiser* and
8  the Ninth Circuit in *Badea* have held to be the "proper" course, namely requiring conditions-
9  of-confinement claims like Petitioners' to be brought in a civil rights lawsuit, not in a habeas
10 corpus petition.

### III.
### CONCLUSION

For the foregoing reasons, the Court DISMISSES the action without prejudice to his pursuit of civil rights relief instead of habeas relief.

IT IS SO ORDERED.

DATED: April 16, 2012

*/s/ Dolly M. Gee*

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE